UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

NOORIA POPAL, )
)
Plaintiff, )
)
v. ) 1:11-cv-00445 (IDD)
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
Defendant. )
)

## MEMORANDUM OPINION

This matter is before the Court on the parties' cross-motions for summary judgment (Dkt. Nos. 9, 11).[1] Pursuant to 42 U.S.C. § 405(g), Nooria Popal ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f. For the reasons stated below, the Court finds that Defendant's decision is supported by substantial evidence and that there is no new evidence warranting remand. Accordingly, the Court GRANTS summary judgment for Defendant and DENIES summary judgment for Plaintiff.

### I. PROCEDURAL BACKGROUND

On February 3, 2006, Plaintiff filed an application for SSI claiming her disability began on March 15, 2005, due to asthma, osteoarthritis, and chronic sinusitis. (AR 124, 129.) Plaintiff's initial claim was denied on July 12, 2006. (AR 71-74.) On August 17, 2006, Plaintiff

---

[1] The Administrative Record ("AR") in this case has been filed under seal, pursuant to Local Rules 5 and 7(c). (Dkt. No. 7.) In accordance with these rules, this memorandum opinion excludes any personal identifiers, such as Plaintiff's social security number or her date of birth (except for year of birth), and the discussion of Plaintiff's medical information is limited to the extent necessary to analyze the case.

1

requested a hearing before an administrative law judge ("ALJ"), and a hearing was held on January 13, 2009 before ALJ Larry Banks. (AR 31-67, 75.) At the hearing, Plaintiff amended the disability onset date to July 2, 2006. (AR 34.)

On March 3, 2009, the ALJ issued a decision denying Plaintiff's claim, finding that she was not disabled within the meaning of the Act. (AR 13-25, 29-67.) Plaintiff requested a review of the ALJ's decision on March 15, 2009. (AR 11.) Plaintiff submitted several additional exhibits for inclusion in the record. (AR 4, 8.) On October 11, 2010, the Appeals Council initially denied Plaintiff's request for review, but ultimately reconsidered the request and again denied the request on February 25, 2011. (AR 1.) The Appeals Council's denial of Plaintiff's request rendered the ALJ's decision the final decision of the Commissioner for purposes of review under 42 U.S.C. § 405(g).

On April 25, 2011, Plaintiff filed the instant suit in this Court, challenging the ALJ's decision. (Dkt. No. 1.) Cross-motions for summary judgment were filed and this matter is ripe for disposition.

## II.   FACTUAL BACKGROUND

Plaintiff was born in Afghanistan in 1967. (AR 33, 35.) While in Afghanistan, she suffered the wrath of an abusive husband and witnessed the murder of both her brother and her second husband by the Taliban. (AR 35-37.) At some point in time, Plaintiff took refugee status in Russia and eventually immigrated to the United States. She initially settled in Michigan but eventually moved to northern Virginia. (AR 38, 40-41.) Plaintiff completed some college, and her past relevant work consists of employment as a cashier at a department store and convenience store from 2002 to 2005. (AR 38-40, 130.) Plaintiff also worked for a period of

time as a hairdresser, until at least September 2006. (AR 258.) During her time in the United States since 2002, Plaintiff has been involved in at least three automobile accidents. (AR 20.)

Plaintiff contends to suffer from a number of physical and mental impairments, which she alleges renders her disabled. A brief recitation of her ailments and treatment history follows.

Chief among Plaintiff's complaints is her claim of severe depression. This depression is alleged to have been brought about by the traumatic experiences she endured at the hands of the Taliban while in Afghanistan. (AR 21, 228-231.) As a result, Plaintiff has had difficulty sleeping as well as high levels of anxiety. (AR 315.) Moreover, these harrowing events are also alleged to have caused Plaintiff to develop posttraumatic stress disorder. (AR 339.) Though not exhaustive, these diagnoses comprise the majority of Plaintiff's alleged mental impairments.

Plaintiff's physical complaints include, *inter alia*, asthma and respiratory impairment, nasal septal deflection and sinusitis, hand numbness, bilateral carpal tunnel syndrome, neck, back, and shoulder pain, hearing loss, migraine headaches, vertigo, and right upper quadrant pain. (AR 20-22.) Plaintiff has had surgery to alleviate some of her symptoms and complaints as it relates to her hearing and nasal obstruction, including bilateral tympanostomy with mastoidectomy and a septoplasty with a bilateral removal of tissue from the maxillary sinus. (AR 169-170, 189-190.) Plaintiff was scheduled at one point in time for surgery on her left wrist due to carpal tunnel syndrome, yet it appears as though that surgery never occurred. (AR 386.)

Since arriving in the United States, Plaintiff has been seen and treated by a number of doctors. Some of those doctors include: Chamara Hasan, M.D., of the Family Health Center; Dr. Elaine Kountanis; Scott Kuhnert, M.D., a pain management specialist; Cynthia Shappell, M.D., and Michael Suppa, LCSW, of the Community Services Board; Dr. Laine; and health care providers at the Lansing Psychological Associates, among others. (AR 20-23.)

### III. STANDARD OF REVIEW

In reviewing the Commissioner's decision to deny benefits, this Court is limited to determining whether that decision was supported by *substantial evidence* on the record, and whether the *proper legal standard* was applied in evaluating the evidence. 42 U.S.C. § 405(g); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Substantial evidence is the kind of relevant evidence a reasonable mind could accept as adequate to support a conclusion; it is more than a mere scintilla but less than a preponderance. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In reviewing the entire record for substantial evidence, the Court does not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Masiro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589). The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *Perales*, 402 U.S. at 390. While the standard is not high, if the ALJ's determination is not supported by substantial evidence on the record, or if the ALJ has made an error of law, the district court must reverse the decision. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). With this standard in mind, the Court next evaluates the ALJ's findings and decision.

### IV. ANALYSIS

#### A. Determining Disability and Sequential Analysis

To qualify for SSI under § 1382 of the Act, a person under age sixty-five must be disabled and meet income requirements. 42 U.S.C. §1382(a). For this purpose, the Social Security Regulations define "disability" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); 20 C.F.R. § 416.905(a). To meet this definition, the claimant must have a "severe impairment" that makes it impossible to do previous work or any other substantial gainful activity that exists in the national economy. *See Heckler v. Campbell*, 461 U.S. 458, 460 (1983).

The Commissioner follows a five-step sequential analysis to determine whether a claimant is disabled. Specifically, the ALJ must consider whether the claimant (1) is engaged in substantial gainful activity;[2] (2) has a severe impairment; (3) has an impairment that equals a condition contained within the SSA's official listing of impairments; (4) has an impairment that prevents past relevant work;[3] and (5) has an impairment that prevents her from any substantial gainful employment. 20 C.F.R. § 416.920(a)(4).

### B. ALJ's Findings

Conducting the five-step sequential analysis, the ALJ proceeded through each step and eventually rendered an adverse finding only at step five. Nonetheless, a brief recitation of the complete analysis and findings is warranted for the sake of completeness.

First, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 3, 2006. (AR 18.) At step two, the ALJ concluded that Plaintiff suffered from the following severe impairments: "mild degenerative disc disease of the cervical spine; minor degenerative changes of the right shoulder; a history of sinusitis, status post septoplasty

---

[2] Substantial gainful activity is work that is both substantial and gainful as defined by the Agency in the C.F.R. Substantial work activity is "work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572(a). Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). Taking care of oneself, performing household tasks or hobbies, therapy or school attendance, and the like, are not generally considered substantial gainful activities. 20 C.F.R. § 404.1572(c).

[3] Past relevant work is defined as substantial gainful activity in the past fifteen years that lasted long enough for an individual to learn the basic job functions involved. 20 C.F.R. §§ 416.965(a) & 404.1565(a).

and bilateral intranasal antrostomy; asthma; posttraumatic stress disorder; and depression." (*Id.*) In evaluating the effect these impairments have on Plaintiff's functioning, the ALJ stated that "these impairments cause more than minimal limitation in [Plaintiff's] ability to perform basic work activities." (*Id.*) Next, at step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments contained within the SSA's official listing of impairments. Then, at step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (AR 23.) Finally, at step five, the ALJ concluded that, considering her age, education, work experience, and residual functional capacity, "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (AR 24.) As a result, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. (AR 25.)

C. **Cross-Motions for Summary Judgment**

1. *Plaintiff's Motion for Summary Judgment*

Plaintiff asserts, as the sole ground for summary judgment, that the ALJ erred in failing to give controlling weight to the opinion of Dr. Shappell, one of her treating physicians. In particular, the ALJ gave little weight to Dr. Shappell's January 2009 record, which indicated that Plaintiff "is unable to sustain work on a regular and continuing basis due to her mental impairments." (AR 23.) The ALJ gave little weight to this medical record of Dr. Shappell primarily because it was inconsistent with other evidence in the record. While the applicable regulations dictate that the medical opinions of treating physicians are generally given controlling weight, the ALJ is not required to accept those opinions when the opinion is not well-supported or is inconsistent with other substantial evidence in the record. *See* 20 C.F.R. §§ 404.1527(c)(2) & 416.927(c)(2); *Craig*, 76 F.3d at 590. "Under such circumstances, the ALJ

6

holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).

In determining the weight to give to a treating physician's opinion, the ALJ should consider each of the following factors: (1) the length of the relationship between the patient and treating physician; (2) the nature and extent of the treatment relationship; (3) support from the medical record; (4) consistency between the physician's opinion and the record; (5) specialization of the treating physician, if any; and (6) any other relevant factors. 20 C.F.R. §§ 404.1527(c), 416.927(c). After considering these factors, the ALJ then has the discretion to assign as much or as little weight to an opinion as he believes is warranted by the record.

Reviewing the record, the Court finds that the ALJ's decision to afford less weight to Dr. Shappell's opinion, despite her status as a treating physician, is supported by substantial evidence. Contrary to Plaintiff's assertions, the ALJ provided a sufficient basis for giving Dr. Shappell's opinion limited weight. In his decision, the ALJ carefully explained his findings and detailed the inconsistencies in the medical record. (AR 19-23.) As the ALJ noted, at the time Dr. Shappell provided her January 2009 opinion, she had treated Plaintiff for only roughly three months. (AR 23.) In that three month period, Dr. Shappell saw Plaintiff only once each month. (AR 472.) More significantly, the ALJ noted that Dr. Shappell's opinion was inconsistent with Plaintiff's "relatively infrequent and conservative course of mental health treatment."[4] (AR 23.)

Based on the ALJ's findings regarding Dr. Shappell's opinion, he had the discretion to accord Dr. Shappell's opinion less weight, regardless of her status as a treating physician. "Although the treating physician rule generally requires a court to accord greater weight to the

---

[4] Notably, the ALJ concluded that Plaintiff's subjective complaints and alleged limitations were not fully persuasive, as they were not supported by the record. (*Id.*) In particular, the ALJ found that the medical evidence in the record did not corroborate Plaintiff's alleged various side effects from the use of medications, to which drowsiness was the principal complaint. (AR 23.) The ALJ also found Plaintiff's "admitted ability to walk her school-age daughter to and from the bus stop on a daily basis" to be inconsistent with her allegation of a total disability. (*Id.*)

7

testimony of the treating physician, the rule does not require that the testimony be given controlling weight." *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). Rather, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig*, 76 F.3d at 590. Here, based on his experience and thorough review of all of the evidence of record, the ALJ accorded limited weight to Dr. Shappell's January 2009 opinion because, *inter alia*, it was inconsistent with other evidence in the record. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (quoting *Craig*, 76 F.3d at 589). Having undertaken its own exhaustive review of the evidence of record, this Court finds that the record adequately supports the ALJ's decision to attribute less weight to Dr. Shappell's opinion and is supported by substantial evidence.

### 2. *Defendant's Motion for Summary Judgment*

Defendant seeks summary judgment on the ground that the ALJ's decision is supported by substantial evidence, and therefore, should be affirmed. Plaintiff opposes Defendant's motion, arguing only that the ALJ failed to consider Plaintiff's mental illness in making his disability determination. Specifically, Plaintiff argues that the ALJ's "fail[ure] to consider Ms. Popal's mental health and the limitation that would result from the post traumatic stress and depression provide the basis for overturning the unfavorable decision." (Pl. Reply to Def. Mot. Sum. J. at 4.) However, Plaintiff's argument is without merit.

The ALJ's decision not only acknowledges Plaintiff's mental health condition, but also discusses the treatment she received for such conditions and the impact on her functioning. (AR 22-23.) Aside from finding that Plaintiff suffers from posttraumatic stress disorder and

depression, the ALJ recounted that, "in April 2006, the records indicate that [Plaintiff] started mental health treatment for depression and anxiety secondary to a history of horrific experiences by the Taliban in Afghanistan." (AR 18, 22.) However, scrutinizing Plaintiff's mental health treatment records, the ALJ concluded that a "review of [Plaintiff's] mental health records does not reveal any evidence of disabling functional limitations." (AR 22-23.)

Furthermore, finding the May 2006 Psychiatric Review Technique to be consistent with the other evidence in the record, the ALJ adopted the clinical findings regarding Plaintiff's mental impairments as his own. (AR 18.) These findings included impairments of "major depression recurrent mild" and "post traumatic stress disorder." (AR 217, 219.) Moreover, the findings assessed Plaintiff's functional limitations to include: "mild restriction of activities of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence or pace; and no episodes of decompensation." (AR 18, 224.) The record further notes that "MER and longitudinal history do not support a level of impairment (due to Claimant's dx) which would preclude even unskilled work activity." (AR 226.) Based on this assessment and his review of all of the mental health records, the ALJ determined that Plaintiff is "limited to low-stress, unskilled tasks involving no more than occasional contact with supervisors, coworkers, or the public." (AR 23.)

The entirety of Plaintiff's argument focuses on the ALJ's statement that: "The claimant has moderate difficulties in social functioning, and in concentration, persistence, or pace *due to side effects of medication*." (AR 19 (emphasis added).) Because that sentence stated "due to side effects of medication" and did not use the words mental illness, or any variation thereof, Plaintiff argues that the ALJ simply failed to consider Plaintiff's mental impairments in assessing her residual functional capacity. However, such an argument ignores the findings of the ALJ as

discussed above and incorrectly reads that statement in a vacuum. Based on a review of the record and the ALJ's decision, this Court finds that the ALJ properly reviewed Plaintiff's mental health treatment records and relied on substantial evidence in arriving at the residual functional capacity assessment. Plaintiff's assertion otherwise is unavailing and unsupported by the record. In undertaking this review, the Court concludes that the ALJ's decision is supported by substantial evidence, and summary judgment should be granted in favor of the Defendant.

## V.    CONCLUSION

For the foregoing reasons, the Court finds the ALJ's decision is supported by substantial evidence and does not contain legal error. Therefore, the Motion for Summary Judgment by Defendant, Michael J. Astrue, Commissioner of Social Security, shall be GRANTED, and the Motion for Summary Judgment by Plaintiff, Nooria Popal, shall be DENIED. An appropriate Order will follow.

_____/s/_____
Ivan D. Davis
United States Magistrate Judge

August 7, 2012
Alexandria, Virginia